IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-163-BO

| | |
|---|---|
| CHRISTOPHER HESTER,<br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)   **O R D E R**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 15, 18]. A hearing on this matter was held in Raleigh, North Carolina on May 13, 2015, at which the Commissioner appeared by video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on February 1, 2011, alleging disability beginning November 15, 2010 [Tr. 58, 72]. His date last insured was March 31, 2014. [Tr. 12]. These applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 13, 2013, and rendered an unfavorable decision on May 31, 2013. Plaintiff was 39 years old at the time of the hearing. The Appeals Council denied Mr. Hester's request for review, rendering the ALJ's decision the final decision of the Commissioner on June 5, 2014. Mr. Hester now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether there is substantial evidence to support the

Commissioner's findings and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity from his alleged onset date through his date last insured. [Tr. 14]. Mr. Hester's degenerative disc disease, panic disorder with agoraphobia, bipolar disorder, polysubstance abuse in remission, and borderline intellectual functioning qualified as severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. [Tr. 14–15]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a modified range of light work, with limitations as to

postural activities, lifting and reaching with his right arm, simple routine repetitive tasks with no ongoing interaction with the public, and no fast paced production or "ridged" quotas. [Tr. 17]. The ALJ then found at step four that Mr. Hester was unable to do his past relevant work. [Tr. 24]. Relying on the testimony of a vocational expert, however, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff was capable of performing, including ticket distributor, housekeeper, and small product assembler. [Tr. 25]. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

Plaintiff alleges that the ALJ erred by failing to give adequate weight to the opinion of plaintiff's treating physician, Dr. Pistone. Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ must explain his reasons for failing to adopt the opinion of a treating physician. *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding where the ALJ did not explain adequately why he credited one doctor over another).

Here, the ALJ adopted and gave controlling weight to the opinions of non-treating and non-examining psychologists Dr. Charles and Dr. Aldridge over Dr. Pistone. Dr. Pistone, a psychologist, was the only treating/examining psychiatrist to conduct intellectual testing and render an opinion as to plaintiff's mental function limitations. [Tr. 491, 498]. Dr. Pistone also determined that Mr. Hester had marked limitations in his ability to remember and carry out instructions, and extreme limitations in his ability to understand, remember, and carry out detailed instructions and extreme limitations in his ability to make work-related decisions, respond to work pressures, and to interact with the public. [Tr. 491, 498, 570]. The non-treating physicians, on whose opinions the ALJ relied, were not aware of Dr. Pistone's findings when

3

formulating their opinions. Accordingly, neither of their opinions considered the testing or Dr. Pistone's opinion as to its significance in light of plaintiff's other mental health issues.

The ALJ found that plaintiff's IQ score of 76 put him in the range of borderline intellectual functioning and constituted a severe impairment, but did not include any limitations in the RFC to account for plaintiff's deficits. [Tr. 24]. Although Dr. Pistone was the only physician to discuss plaintiff's intellectual functioning, the ALJ discounted Dr. Pistone's opinion because it was "inconsistent with the claimant's generally normal mental status examinations," a single Global Assessment of Functioning (GAF) score of 65, "his ability to engage in activities of daily living," and because plaintiff had not seen Dr. Pistone in a year. [Tr. 26].

The ALJ's opinion is internally inconsistent. The ALJ considered plaintiff's borderline intellectual functioning a severe impairment while simultaneously rejecting the opinion of Dr. Pistone—the only physician who opined on the matter. This inconsistency makes review difficult, particularly given the inadequacy of the ALJ's explanation for rejecting Dr. Pistone's opinion. The single GAF score of 65 was determined before plaintiff's psychological testing. In fact, plaintiff also had many GAF scores below 50. The medical opinions on which the ALJ did rely were those of non-treating sources who were not privy to the intellectual testing. Any inconsistency between the other opinions and that of Dr. Pistone, therefore, can be explained by the fact that Dr. Pistone is the only medical professional to have tested Mr. Hester's intellectual functioning. In sum, the ALJ's explanation for rejecting Dr. Pistone's opinion is insufficient, particularly given the credit given to Dr. Pistone's opinion as to plaintiff's intellectual deficits. The Court also notes, as an aside, that the Commissioner focused heavily at argument on the imprudence of giving benefits to a man as young as plaintiff. This argument is wholly improper, as the Agency should never base its determination of disability solely on a claimant's age.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Here, the appropriate action is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the Commissioner is to reconcile his treatment of Dr. Pistone's opinion with his admission that plaintiff suffers from deficits in intellectual functioning, and to address those deficits as they relate to the RFC.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED, defendant's motion for judgment on the pleadings [DE 18] is denied, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this 26 day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE